## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

```
BRENDA HARRIS, et al.,            )
                                  )
                Plaintiff,        )    CIVIL ACTION
                                  )
v.                                )    No.  02-1193-MLB
                                  )
AMERIQUEST MORTGAGE CO.,          )
                                  )
                Defendant.        )
_____)
```

## MEMORANDUM AND ORDER

Before the court are the following:

(1)  Defendant's motions in limine (Doc. 68) and memorandum in support (Doc. 69);

(2)  Plaintiffs' response (Doc. 74).

Defendant seeks to prohibit the admission of certain evidence at trial.  To the extent it can with the information before it, the court will briefly rule on each motion.  The court cautions the parties, however, that nothing in this Order will preclude the admissibility of such evidence if it otherwise becomes relevant at trial.  See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself.").

## Defendant's Motion In Limine

Plaintiffs have agreed to motion (A) on the condition that the jury be questioned as to whether any person has been represented by defendant.  During voir dire, the court will question the jury as to any prior representation by defendant.

Plaintiffs have also agreed to motion (B).

The court sustains defendant's motions (C) and (D).

Plaintiffs have agreed to motion (E).

The court sustains defendants motion (F).

Plaintiffs have agreed to motion (G) with the exception that defendant's conduct was the cause of Plaintiffs' failure to make the December/January payments to American General. Plaintiffs' exception is overruled.

The court provisionally sustains defendant's motion (H). Any evidence of plaintiffs' physical and/or emotional problems will be excluded during the trial. The court has determined to bifrucate the proceedings and allow introduction of this evidence during a second phase only if a jury finds a violation of the KCPA.

During the first phase of the trial, the parties will present evidence pertinent to the question of whether defendant violated the KCPA and the jury will be instructed as to what actions constitute a violation of the KCPA. After deliberations, should the jury return a verdict finding a violation of the KCPA, the parties will present evidence as to whether plaintiffs were aggrieved by that violation. See Caputo v. Prof'l Recovery Servs., Inc., 261 F. Supp.2d 1249, 1261 (D. Kan. 2003).

Plaintiffs have agreed to motions (I) and (J).

Defendant's motion (K) is sustained except as to testimony regarding the appraisal performed by Karen O'Dell.

IT IS SO ORDERED.

Dated this 12th day of May 2005, at Wichita, Kansas.

-2-

/s Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE